

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,796-01

### EX PARTE CALVIN TRUVAUGHN POWELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1198204-A IN THE 185TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. **YEARY, J.**, **filed a dissenting opinion in which KELLER, P.J., joined.**

### O P I N I O N

Applicant was convicted of possession with intent to deliver a controlled substance and sentenced to five years' imprisonment. Applicant filed this application for writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges that his guilty plea was involuntary due to the use of false evidence, and he was denied due process when the State used material false evidence to induce his guilty plea. Applicant's grounds concern the discovery of misconduct by former Houston Police Officer Gerald Goines, whose allegations prompted the issuance of a search warrant for Applicant's residence. Based on the record, the trial court found that Applicant's guilty plea was involuntary because it was

induced by false evidence provided by Goines. *Ex parte Mathews,* 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The State and trial court both recommend granting relief. We agree.

Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009)*; Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 1198204 in the 185th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: December 11, 2024
Do not publish